(January 22, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE F. FLEMING, Appellant.— STALEY, JR., J. Appeal from an order of the County Court of Warren County which denied an application in the nature of a writ of error coram nobis. The defendant was indicted in October, 1958 charged with a violation of section 483-a of the Penal Law (carnal abuse of a child of the age of 10 years or under), allegedly having been committed on October 4, 1958. Upon arraignment the defendant was committed to Marcy State Hospital for a psychiatric examination, and a copy of the psychiatric report dated December 22, 1958 was filed with the court. On February 5, 1959 the defendant pleaded guilty to the crime charged in the indictment and was sentenced to Clinton Prison at Dannemora, New York for an indeterminate term of from one day to life. On this appeal the defendant, presently an inmate of Clinton Prison, contends that he was erroneously sentenced to an indeterminate term of one day to life and should have been sentenced to a definite term. A violation of section 483-a of the Penal Law is punishable "by imprisonment for not more than ten years or by imprisonment for an indeterminate term, the minimum of which shall be one day and the maximum of which shall be the duration of his natural life." Section 2189-a of the Penal Law requires that a psychiatric

examination be made, and a complete written report thereof be submitted to the court before the imposition of a sentence for an indeterminate term having a minimum of one day and a maximum of life. This section also mandates that the psychiatric report include "all facts and findings necessary to assist the court in imposing sentence." The psychiatric report herein states that the psychiatrists making the report were appointed to examine George F. Fleming, the above defendant, "to determine his sanity" and "it is our opinion that the defendant George F. Fleming is not in such a state of idiocy, imbecility, or insanity as to be incapable of understanding the charge against him or the proceedings or of making his defense." The complete absence of any clear-cut expression of competent psychiatric opinion as to any mental deficiencies which would require medical treatment, and what risks or dangers to society would be involved in his release with or without treatment, negates any conclusion that the report contains any facts and findings sufficient to aid the court in imposing sentence. (*People* v. *Jackson,* 20 A D 2d 170, 173.) Although this report might be sufficient under section 658 of the Code of Criminal Procedure to determine the ability of the defendant to stand trial, it is clearly insufficient for the intent and purpose of section 2189-a of the Penal Law. The failure of the court to have before it a psychiatric report pertinent to the purpose of section 2189-a necessitates that we vacate the sentence imposed herein and remand the defendant for resentencing in accordance with section 2189-a of the Penal Law. (*People ex rel. Lawson* v. *Denno,* 9 N Y 2d 181, 184; *People* v. *Jiggetts,* 19 A D 2d 837; *People* v. *Jackson, supra,* pp. 173–174.) Order reversed, on the law and the facts, and matter remitted to the County Court, Warren County, for resentence of defendant, and for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.